UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID P. LAROCHE,

Plaintiff,

Case No.:

v.

KURT BROWNING, in his official capacity,
As Superintendent of Schools for
PASCO COUNTY, and in his individual capacity,

Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DAVID P. LAROCHE, (hereinafter "LAROCHE"), by and through his undersigned counsel, hereby files his Complaint and Demand for Jury Trial against KURT BROWNING, in his official capacity as Superintendent of Schools for Pasco County, and in his individual capacity, and would state as follows:

**SUMMARY OF CLAIMS**

1. This action seeks declaratory relief and special, consequential, and actual damages for KURT BROWNING, in his official capacity as Superintendent of PASCO COUNTY, (herein "BROWNING") engaging in direct and intentional efforts to retaliate against LAROCHE for the exercise of LAROCHE'S constitutional rights, implemented through the

1

use of retaliation, discrimination, and other civil rights violations under 42 U.S.C. Sec. 1983.

2. This action seeks declaratory relief and special, consequential, and actual damages for KURT BROWNING, individually ("BROWNING, individually") knowingly engaging in direct and intentional efforts to retaliate against LAROCHE for the exercise of LAROCHE' constitutional rights, unlawful employment practices, implemented through the use of retaliation, discrimination, and other civil rights violations under 42 U.S.C. Sec. 1983.

## PARTIES

3. Plaintiff, DAVID P. LAROCHE, (herein "LAROCHE"), a male citizen of Pasco County, Florida and resides in the Middle District of Florida.

4. Defendant, KURT BROWNING, is the Superintendent of Schools for Pasco County, Florida and is named in both his official and individual capacity.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, as well as the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

6. The jurisdiction of this Court is also invoked pursuant to Title VII of the Civil Rights Act of 1964 42 U.S.C. §§ 2000e. *et seq.,* as amended by

the Civil Rights Act of 1991.

7. The jurisdiction of this Court is also invoked pursuant to 42 U.S.C. Secs. 1983 and 1985.

8. BROWNING is the superintendent of the PASCO COUNTY school system, in Pasco County, Florida, within the Middle District of Florida, and all conduct complained of herein occurred within the Middle District of Florida, thus venue is proper in this Court.

## ADMINISTRATIVE PROCEDURES SATISFIED

9. On or about December 1, 2020, Plaintiff filed Equal Employment Opportunity Commission, charge against Defendant, first as required by EEOC as a condition precedent to filing the operative Complaint.

10. On or about December 7, 2020, the EEOC issued a Notice of Right to Sue and, Plaintiff now re-files and bring the underlying lawsuit against the Defendant.

11. Plaintiff has satisfied the condition precedent of filing a Charge of Unlawful Employment Conduct with the Equal Employment Opportunity Commission ("EEOC"). The EEOC'S has issued a Notice of Right to Sue. See Exhibit "A."

12. On or about August 25, 2020, Plaintiff filed a voluntary dismissal without prejudice against the Defendant in his official capacity in a previous action, 20-cv-01844-T-33 TGW, filed before the issuance of the

EEOC'S issuance of the Notice of Right to Sue described above.

13. On or about August 26, 2020, Plaintiff filed a voluntary dismissal without prejudice against the Defendant in his individual capacity in a previous action, 20-cv-01844-T-33 TGW, filed before the issuance of the EEOC'S issuance of the Notice of Right to Sue described above.

## GENERAL ALLEGATIONS AND BACKGROUND

14. A long time Pasco County resident, LAROCHE moved to Hudson, Pasco County, Florida with his parents and three younger brothers in the summer of 1978.

15. LAROCHE's parents worked as long time Pasco County School employees and the LaRoche children attended elementary and middle schools in Hudson, as well as one graduating from Hudson High School.

16. After graduating from Hudson High School in 1983, LAROCHE attended Pasco Hernando Community College, receiving his Associate of Arts degree in 1987, while working full time at the Hudson K-Mart.

17. After the tragic and sudden death of a loved one, LAROCHE was inspired to dedicate his life to "giving back," and chose the field of education.

18. LAROCHE graduated from the University of South Florida in 1990 with a bachelor's degree in Social Science Education.

19. LAROCHE then immediately secured a position at Gulf High School teaching social studies. River Ridge Middle High School opened the following year and LAROCHE was hired as a social studies instructor and the boys' varsity soccer coach.

20. LAROCHE remained for 9 years as a social studies instructor and the boys' varsity soccer coach.

21. As the boy's coach, he built a program that, in 1997 and 1998, competed in the Florida State SA Final Four.

22. While at River Ridge, LAROCHE continued his education, pursuing a Masters' degree in Educational Leadership at USF.

23. After LAROCHE received his Master's degree from the University of South Florida, he entered the Assistant Principal pool and secured a position at Mitchell High School, opening the school in 2000.

24. While at Mitchell, LAROCHE continued his graduate work pursuing a doctoral degree in Education with an emphasis in Curriculum and Instruction through the University of South Florida, graduating May of 2007.

25. Proudly, in February, 2007, LAROCHE secured a position as Principal of Hudson High School.

26. LAROCHE'S wife, Bridget, is a Parent Involvement Assistant at Chasco Elementary.

5

27. LAROCHE began employment in the Pasco County School system as a Social Studies Teacher at Gulf High School from 1990-1991.

28. LAROCHE then became Head Varsity Boys Soccer Coach of River ridge High School, in Pasco County from 1991-2000.

29. LAROCHE then undertook teaching as Social Studies Teacher at J.W. Mitchell High School, in Pasco County, from 2000-October 2004.

30. From October 2004 to February 2007, LAROCHE worked as an Assistant Principal for Hudson High School, in Pasco County.

31. From February 2007 until wrongfully demoted by BROWNING, LAROCHE had been employed as Principal of Hudson High School, in Pasco County.

## FACTS CONCERNING DISCRIMINATION AND RETALIATION

32. Prior to November 18, 2019, LAROCHE quietly explored filing with the Pasco County Supervisor of Elections his candidacy for Pasco County Superintendent of Schools, with friends and colleagues.

33. BROWNING has been Pasco County Superintendent of Schools since his election to that position in 2012. LAROCHE'S declaration of running for Pasco County Superintendent of Schools would result in LAROCHE running against his "boss," BROWNING.

34. After announcing that he was running for the Pasco County Superintendent of Schools position, BROWNING never again directly

6

communicated with LAROCHE, delegating that responsibility to Monie Ilse, Assistant Superintendent for Pasco County Schools (hereinafter "Ilse").

35. After LAROCHE confirmed to Ilse that he was indeed going to run for Pasco County Superintendent of Schools, she warned him that he "better win, because Kurt Browning" and his supporters, were "very vindictive."

36. On or about November 20, 2019, LAROCHE filed his candidacy Pasco County Superintendent of Schools with the Supervisor of Elections.

37. LAROCHE met all necessary qualifications to be a candidate for Pasco County Superintendent of Schools.

38. On or about December 11, 2019, a Letter from Dennis Alfonso, School Board Counsel, was sent to LAROCHE outlining his "responsibilities" and suggesting a "leave," if necessary.

39. Around this period of time, LAROCHE received a telephone call from Ilse, informing him that all "administrators" in the Pasco School System would be getting a 3% raise, and that LAROCHE would be getting an 8.5% raise because, in Ilse's words, "We think you deserve it and you are doing a fantastic job at HHS."

40. On or about January 3, 2020, LAROCHE, in doing his best to perform his responsibilities and concerned that various Pasco school

closures were not being disclosed to staff and the public, expressed, via email, that "communication in this district is a serious issue."

41. According to public records, and unbeknownst to LAROCHE, BROWNING and School Board employee Ray Gadd started exchanging messages, Gadd saying "What a Goober. .. / ***can stop that whenever you are ready. He is principal first. Candidate second. He is not untouchable.***"

42. BROWNING responded, ***"Lets' talk. He certainly does not support this district."*** A copy of this public record is attached hereto and incorporated herein as Exhibit "B."

43. For the remainder of the School Year, LAROCHE continued to dispatch his responsibilities and, around February of 2020, the issues related to the COVID-19 pandemic began to be of more significant concern.

44. On March 13, 2020, the Pasco County School System closed for Spring Break, and, due to the COVID-19 pandemic that followed, the remainder of the Pasco County School Year was conducted using the internet and "virtual teaching."

45. During this period of time, there were staff meetings conducted via ZOOM, with Ilse and the High School Principals. There was minimal guidance as to how to schedule and conduct these meetings and decisions

were changing constantly.

46. On June 2, 2020, LAROCHE received a phone call from Ilse, stating: "You don't share the Board's mission and vision. Leave your keys on the desk by end of day and clean out your office. If you can't get it all done today, *site* would have someone 'escort' him on another day."

47. Absolutely no legitimate basis existed to support LAROCHE'S demotion and immediate banishment form HHS, and he was even denied the opportunity to thank his staff and others for their service.

48. Based on years of excellent evaluations for his work with Pasco County Schools (See Exhibit "C," attached hereto and incorporated herein), LAROCHE was shocked and dismayed that he was being terminated as Principal of Hudson High School.

49. On June 25, 2020, Ilse sent an email to LAROCHE in response to LAROCHE seeking some written communication describing his demotion as described by Ilse and his future responsibilities, which indicated, 1) LAROCHE missed a ZOOM meeting because of car trouble, 2) LAROCHE had not put in his "time," and 3) *"It is recognized that you do not believe in the mission and vision of the district as a leader.* I informed you of your transfer to a 245 assistant principal at Mitchell High School effective the following day... Your new salary will be $90,525." A copy of this email is attached hereto as Exhibit "D."

9

50. LAROCHE'S salary as principal of HHS was $99,804.12. To date, no one with the Pasco County Schools has given him any specifics as to how LAROCHE did not ***"believe in the mission and vision of the district as a leader."***

51. LAROCHE felt the timing BROWNING'S decision to abruptly terminate him was suspect and directly related to LAROCHE'S decision to run against BROWNING for the position of Superintendent of Schools.

52. Social distancing imposed due to COVID-19 kept LAROCHE from having any direct contact with BROWNING or any other Pasco School employee for 10 weeks and, just days before LAROCHE was to pay the filing fee to qualify for the ballot in August, he was asked to "leave his keys on the desk and have his office "cleaned out by the end of the afternoon" when no activity had taken place to support BROWNING'S abrupt decision to demote and punish LAROCHE, other than LAROCHE declaring his candidacy.

53. LAROCHE was thus punished and demoted by BROWNING when LAROCHE was assigned to the position of "vice principal" at Mitchell High after raising Hudson High School to a "B" grade in 2018 and 2019.

54. LAROCHE was concerned that Hudson High School, the school he spent 16 years working for as an administrator, and building, cultivating, and leading, was being disrupted and ripped apart for "political reasons."

55. The demotion of LAROCHE was done by BROWNING for no legitimate reason and solely in retaliation for LAROCHE declaring his candidacy for BROWNING'S position as Pasco County Superintendent of Schools

## COUNT I- VIOLATION OF 42 U.S. Code§ 1983

56. Plaintiff hereby incorporates and re-alleges paragraphs 1 through 55 as if fully alleged herein.

57. BROWNING has engaged in intentional discrimination, retaliation and interference with LAROCHE in direct retaliation for LAROCHE declaring his candidacy, and with the implicit desire to discredit LAROCHE in order for BROWNING to gain a political advantage in the race for Superintendent.

58. BROWNING'S conduct, as set forth herein, violates 42 U.S. Code§ 1983.

59. LAROCHE has satisfied all statutory pre-requisites for the filing of this action.

60. BROWNING'S intentional Civil Rights violations violated 42 U.S. Code§ 1983, and has caused the LAROCHE to suffer a loss of pay, benefits, and prestige.

61. BROWNING'S actions have caused LAROCHE to suffer mental and emotional distress, entitling him to compensatory damages pursuant to 42 U.S.C. § 1981a.

62. As a consequence of BROWNING'S conduct, LAROCHE was denied career advancement, had his professional reputation and career opportunities for further advancements damaged and severely limited the amounts he was entitled to as part of his employment benefits.

63. As a direct and proximate result of BROWNING'S conduct, as alleged herein, LAROCHE has suffered special, consequential, and actual damages.

## COUNT II-RETALIATION - BROWNING INDIVIDUALLY

64. Plaintiff hereby incorporates and re-alleges paragraphs 1 through 55 as if fully alleged herein.

65. The unlawful actions by BROWNING individually which are the subject of this count were purposeful.

66. LAROCHE'S decision to run for the position of Pasco County Superintendent of Schools' against BROWNING resulted in LAROCHE becoming the victim of retaliation, as related above.

67. BROWNING was fully aware of the unconstitutional deprivation of LAROCHE's Rights and engaged in the wrongful conduct described herein knowingly and intentionally, this making him individually responsible for damages, in addition to the expose BROWNING has in his official capacity.

68. As a direct and proximate result of the foregoing unlawful acts and omissions, LAROCHE has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment as follows:

1. That the Court declare that BROWNING'S conduct as alleged herein was a manifest denial of LAROCHE'S constitutional rights as alleged herein, both in his official and individual capacity.

2. That the Court grant LAROCHE compensatory damages for the humiliation, emotional distress, and other damages caused by BROWNING's conduct, both in his official and individual capacity.

4. That the Court grant LAROCHE all employment benefits he would have enjoyed had he not been discriminated against, subjected to discrimination, having his rights violated, and retaliated against by BROWNING, both in his official and individual capacity. ;

5. That the Court grant Plaintiff expenses of Litigation, pursuant to 42 U.S.C. § 1988;

6. That the Court grant Plaintiff a jury trial;

7. That the Court grant Plaintiff all other relief the Court deems just and proper; and,

Case 8:21-cv-00562   Document 1   Filed 03/10/21   Page 14 of 14 PageID 14

**Respectfully submitted this** 10th **day of March, 2021.**

/s/ Luke Lirot
Luke Lirot, Esquire
Florida Bar Number 714836
Luke Charles Lirot, P.A.
2240 Belleair Road, Suite 190
Clearwater, Florida 33764
Telephone: (727) 536-2100
Facsimile: (727) 536-2110
Email: luke2@lirotlaw.com
Alternate email addresses:
sean@lirotlaw.com
krista@lirotlaw.com
*Counsel for Plaintiff*