```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

DAVID P. LAROCHE,

    Plaintiff,
v.                                  Case No. 8:21-cv-562-VMC-CPT

KURT S. BROWNING,
in his official capacity as
Superintendent of Schools
for Pasco County, and
PASCO COUNTY SCHOOL BOARD,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of Defendant Kurt S. Browning's Motion to Dismiss the Second Amended Complaint with Prejudice (Doc. # 37), filed on June 16, 2021. Plaintiff David P. Laroche responded on July 7, 2021. (Doc. # 41). Browning replied on July 22, 2021. (Doc. # 43). For the reasons that follow, the Motion is granted.

**I.   Background**

In February 2007, Laroche began working as Principal of Hudson High School. (Doc. # 35 at 6). Browning is the Pasco County Superintendent of Schools and, thus, Laroche's "boss." (Id. at 7). Browning in turn reports to Defendant Pasco County School Board, which "is the final 'policy maker' as it pertains to the Pasco County Schools." (Id. at 2).

On November 20, 2019, Laroche filed his candidacy for the position of Pasco County Superintendent of Schools, to run against Browning. (Id. at 8). "After announcing that he was running for the Pasco County Superintendent of Schools position, Browning never again directly communicated with Laroche, delegating that responsibility to Monie Ilse, Assistant Superintendent for Pasco County Schools." (Id. at 7). Ilse warned Laroche "that he 'better win, because [] Browning' and his supporters, were 'very vindictive.'" (Id. at 7-8).

In response to an email inquiry Laroche sent in January 2020 about renovations to a middle school, School Board employee Ray Gadd emailed Browning the following: "What a Goober. I can stop that whenever youre [sic] ready. He is principal first. Candidate second. He is not untouchable." (Id. at 9). Browning responded "Let's talk. He certainly does not support this district." (Id.).

Months passed. Then, during the COVID-19 pandemic, on June 2, 2020, Ilse called Laroche, stating : "You don't share the [School] Board's mission and vision. Leave your keys on the desk by end of day and clean out your office. If you can't get it all done today, she would have someone 'escort' him on another day." (Id. at 10). Ilse said that the reason for this

decision was Laroche's missing a Zoom meeting because of car trouble, Laroche's failure to "put in his 'time,'" and that Laroche did "not believe in the mission and vision of the district as a leader." (Id. at 11).

During a meeting of the School Board on June 16, 2020, the School Board as the "final decision maker" voted "4 to 1" in favor of transferring Laroche to a different position. (Id. at 10-11). Laroche was demoted to the position of Assistant Principal of Mitchell High School. (Id. at 11-12). According to the second amended complaint, Laroche "felt the timing [of] Browning's and the Board's 'final decision' to abruptly 'transfer' him was highly suspect and was imposed as clear and unequivocal retaliation for Laroche's decision to run against Browning for the position of Superintendent of Schools." (Id. at 12).

Laroche alleges that "no activity had taken place to support Browning's abrupt decision to demote and punish Laroche, other than Laroche declaring his candidacy." (Id.). "Laroche was thus punished and demoted by Browning, which was adopted and ratified by the 'final decisionmaker,' the Board." (Id.).

Laroche initiated this action against Browning, in both his official and individual capacity, on March 10, 2021. (Doc.

# 1). After Browning moved to dismiss the original complaint, Laroche filed an amended complaint. (Doc. # 25). After Browning moved to dismiss the amended complaint, Laroche filed the second amended complaint. (Doc. # 35). The second amended complaint includes one count under 42 U.S.C. § 1983 asserted against both Browning in his official capacity and the School Board. (Id.).

Now, Browning moves to dismiss the claim asserted against him in the second amended complaint with prejudice. (Doc. # 37). Laroche has responded (Doc. # 41), and Browning has replied. (Doc. # 43). The Motion is ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

4

> recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. **Analysis**

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005). "Defendants acting under color of state law are 'clothed with the authority of state law,' and their 'deprivation of a federal right [must] be fairly attributable to the State.'" Basile v. Walt Disney Parks & Resorts U.S., Inc., No. 6:10-cv-993-CEH-DAB, 2011 WL 13298729, at *18 (M.D. Fla. June 23, 2011)(citations omitted). "In the specific employment termination context, Plaintiffs may sufficiently

5

allege a Section 1983 violation based on an action taken by a decisionmaker who possesses *final authority* to establish *municipal policy* with respect to the action ordered." Vaughan v. City of Sandy Springs, No. 1:09-CV-2852-ODE-WEJ, 2010 WL 11508351, at *10 (N.D. Ga. May 25, 2010)(citation and internal quotation marks omitted).

"State law determines which bodies or persons may establish municipal policy." K.M. v. Sch. Bd. of Lee Cnty., 150 F. App'x 953, 957 (11th Cir. 2005). "Under Florida law, final policymaking authority for a school district is vested in the School Board. The Superintendent may recommend policies to the School Board, but is not given authority to make final policy without the Board's approval." Id. (citations omitted)).

This is because "[a]n official is not a final policymaker where his decisions are subject to 'meaningful administrative review.'" Lopez v. Gibson, 770 F. App'x 982, 992 (11th Cir. 2019)(citation omitted). "Generally, the existence of a reviewing body suffices to find that an official whose decisions are subject to review was not a final policymaker." Id. "However, a plaintiff can attempt to demonstrate that the reviewing body's administrative review is not meaningful, such that the official should be considered the final

policymaker." Id. "To succeed in such an argument, the plaintiff needs to show that the reviewing body has defective procedures, merely 'rubber stamps' the official's decision, or ratifies the official's decision and improper motive." Id.

Additionally, "[t]he cat's paw theory is typically understood to create employer liability under either [Section] 1981 or [Section] 1983 when the employer relies on an improperly motivated recommendation by a subordinate and does not independently investigate the recommendation." Griffin v. City of Jacksonville, 762 F. App'x 965, 972 (11th Cir. 2019). "Under this theory of liability, an employer found to have acted in a nondiscriminatory manner can still face liability for 'rubber stamp[ing]' its employee's discriminatory recommendation." Id. "[C]at's paw liability is appropriate only when a person took some sort of action — for example, making a termination recommendation — that led to the adverse action against the plaintiff." Id.

Under either the ratification or cat's paw theory, Laroche has not plausibly pled that Browning, as the Superintendent of Schools, was the decisionmaker with final authority over the decision to demote Laroche. In an attempt to get around the School Board having final say on demotions, Laroche alleges that while the School Board is technically

7

the "final decision maker," the School Board "adopted and ratified" Browning's decision to demote Laroche. (Doc. # 35 at 13).

But there are no allegations in the second amended complaint that the School Board "rubber-stamped" Browning's recommendation or that the School Board otherwise had defective procedures. The mere fact that the School Board ultimately adopted Browning's recommendation does not suggest that the School Board did not give his recommendation meaningful review. See Nash-Utterback v. Sch. Bd. of Palm Beach Cnty., No. 11-CV-80513-JMH, 2012 WL 12865852, at *22 (S.D. Fla. June 8, 2012)("Here, the statute contemplates that the Superintendent makes recommendations on personnel matters to the School Board, and that the School Board may reject [the] Superintendent's recommendation on a personnel matter for good cause. This is not a review without meaning."). At most, Laroche attaches a copy of the agenda minutes and "rough verbatim excerpts" from the June 16 School Board meeting. (Doc. # 35-5). But merely attaching this exhibit without alleging relevant details in the second amended complaint falls far short of a plausible allegation that the School Board's procedures were defective. And this exhibit shows that three members of the public expressed opposition to

8

Laroche's transfer before the School Board voted. (Id.). Thus, while Laroche has alleged that Browning disliked Laroche because of his candidacy, the allegations of the second amended complaint do not plausibly support that Browning was the true final decisionmaker for Laroche's demotion.

Regardless, the claim against Browning is also subject to dismissal for another separate reason. Because the claim is brought against Browning in his official capacity, it is duplicative of the claim against the School Board. "Section 1983 suits against officers in their official capacities 'generally represent only another way of pleading an action against an entity of which an officer is an agent,' not against the officer individually." C.P. by & through Perez v. Collier County, 145 F. Supp. 3d 1085, 1090 (M.D. Fla. 2015)(citation omitted). "Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents." Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991).

"Where a plaintiff has named a state agency in the same suit, any claim against an officer of that agency in his or her official capacity is 'duplicative' of the claim against the agency and is 'due to be dismissed.'" J.M. v. Selma City

9

Bd. of Educ., No. CV 16-0280-CG-M, 2016 WL 7030452, at *10 (S.D. Ala. Nov. 16, 2016)(citation omitted), report and recommendation adopted, No. CV 16-0280-CG-B, 2016 WL 7031901 (S.D. Ala. Dec. 1, 2016). "Thus, insomuch as [Laroche's claim] here [is] against [Browning] in [his] official capacit[y], [it is] due to be dismissed since [Laroche] has also brought suit against the relevant state agency, the Board." Id.; see also Pestana v. Miami-Dade Cnty. Bd. of Comm'rs, 282 F. Supp. 3d 1284, 1288-89 (S.D. Fla. 2017)("[I]t is clear that if Plaintiff is attempting to state a claim against the Director of the Miami-Dade Corrections Rehabilitation Department in his official capacity, the proper Defendant is the municipal entity for which that individual works. Typically, a plaintiff will state identical 'official capacity' and 'municipal liability' claims, and the district court will simply dismiss the official capacity claims as duplicative of the municipal liability claims." (citations omitted)).

Laroche argues that this claim is not duplicative because he "has alleged causes of action against Browning which are cognizable and separate claims from [the School Board]," presumably because he has alleged the "cat's paw theory" of liability. (Doc. # 41 at 13). However, the cat's paw cases cited by Laroche involved claims against persons

10

sued in their individual capacities — not their official capacities. See Gilroy v. Baldwin, 843 F. App'x 194, 196-97 (11th Cir. 2021)(addressing the cat's paw theory in relation to a claim against former police chief who was sued in his individual capacity); Griffin, 762 F. App'x at 972 (addressing Section 1983 claim under cat's paw theory against defendant supervisor in her individual capacity). Thus, the fact that Laroche has attempted to allege the cat's paw theory does not change the fact that any claim against Browning in his official capacity is duplicative of the claim against the School Board.

Because the claim against Browning in his official capacity is duplicative of the claim against the School Board, amendment to such claim appears futile. Thus, the Court will not grant Laroche leave to amend his claim against Browning in his official capacity.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Kurt S. Browning's Motion to Dismiss the Second Amended Complaint with Prejudice (Doc. # 37) is **GRANTED.**

(2) Count I of the second amended complaint is dismissed to the extent it is asserted against Browning. The Clerk is

11

directed to terminate Browning, who has been sued in his official capacity, as a party to this action.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>26th</u> day of July, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE